DOWNEY BRAND LLP
JAMIE P. DREHER (Bar No. 209380)
SPENCER W. CHRISTENSEN (Bar No. 267154)
621 Capitol Mall, 18th Floor
Sacramento, CA 95814-4731
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
jdreher@downeybrand.com
schristensen@downeybrand.com

Attorneys for Curtis A. Westwood and
Deborah A. Westwood

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS A. WESTWOOD,<br><br>Debtor. | Case No. 11-22755<br><br>Chapter Number: 11<br><br>DCN: DB-1<br><br>**MOTION TO COMPEL THE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE (APPEAL) PURSUANT TO 11 U.S.C. 554(b) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6007(b) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 11, 2011<br>Time: 10:00 a.m.<br>Ctrm: 34<br>Location: 501 I St, Dept. D, 6th Flr<br>Sacramento, CA 95814 |

I. **INTRODUCTION**

The statutory requirement for abandonment is straightforward and simple; a trustee should, and may be required to, abandon property which is burdensome to the estate or of inconsequential value and benefit. Here, the Chapter 11 Trustee asserts that the estate currently holds property – rights to an appeal –which is both burdensome to the estate and of

1190346.4

inconsequential value and benefit. As a result, and in light of the fulfillment of the statutory requirements, Curtis and Deborah Westwood[1] ("Westwoods") seeks an order from the Court abandoning the right to the appeal and to allow that state court litigation to continue to completion.

## II. FACTUAL BACKGROUND

Prior to the instant bankruptcy filing, Comerica Bank ("Bank" or "Comerica") and Westwood Montserrat, Ltd. ("Borrower") entered into a loan transaction whereby Comerica loaned certain funds to Borrower for the purpose of developing real property located in Loomis, California. In connection with that loan, Comerica obtained purportedly enforceable guarantees from both Westwood Homes, Inc. and Debtor Curtis Westwood individually.

After the Borrower encountered difficulties in repaying the loan, Comerica filed suit against the Debtor to recover on the guaranty in Sacramento County Superior Court, Case No. 34-2009-00037023. Comerica filed and ultimately prevailed on a summary judgment motion. As a result, judgment was entered against the Debtor in the amount of $15,016,895.33. Mr. Westwood subsequently filed this chapter 11 case, to, among other things, preserve assets pending appeal of the judgment, and to propose a Plan of Reorganization that would also satisfy Comerica's judgment while also preserving those important rights. Mr. Westwood's appeal of the Comerica Judgment is currently pending before the Third District of the California Court of Appeal (the "Appeal").

Currently, the Chapter 11 Trustee seeks approval of a compromise that would allow the Bank's Proof of Claim (the "Bank's Claim") in the amount of $15,016,895.33 secured in part by the Debtor's home and an undeveloped lot in Loomis (the " Compromise Motion"). (Docket Entry No. 226). Pursuant to the proposed compromise, the Bank's Claim would then be supposedly subordinated to the extent necessary for a $100,000.00 return to the holders of other

---

[1] Mrs. Westwood is the non-filing spouse of Debtor Curtis Westwood. Should the appeal rights at issue be abandoned to her husband, the appeal successful, it will enhance her community property interest in assets of the estate.

1190346.4

allowed non-subordinated unsecured claims[2] and dismiss the Appeal (the "Compromise").

In support of the Compromise Motion, the Trustee takes the position that the Appeal is meritless and of no value to the Estate. In fact, the Compromise Motion is supported by the Declaration of Gary Livaich (Docket Entry No. 229) who opines on the merits of the Appeal.[3] Mr. Livaich testifies that based on his review of the Appeal, "there are no triable issues of material fact and it is [his] opinion that the prospect of the Debtor's success is remote." Declaration of Gary Livaich in Support of Compromise Motion ("Livaich Decl.") at ¶ 6. Mr. Livaich's declaration indicates he reviewed the moving papers for the Motion for Summary Judgment, along with all supporting documentation, the Opposition, the Reply and met separately with the Debtor's counsel and the Bank's Counsel to discuss the strengths and weaknesses of each party's respective positions. Livaich Decl. at ¶ 5.

The Trustee also submitted a declaration in support of the Compromise Motion in which he indicates his belief that the compromise with the Bank is in the best interests of the estate because, in his opinion: (1) the Bank is likely to prevail on the Appeal; (2) litigation of the Appeal and ensuing trial would be complex and expensive; and (3) "the holders of allowable claims, of which the Bank holds the largest, would benefit from the conservation of administrative resources and elimination of further delay in receiving a distribution." Declaration of Jon Tesar in Support of Motion to Approve Comerica Compromise ("Tesar Decl.") at ¶ 9.

If, as the Trustee and Mr. Livaich have testified, the Appeal is in actuality meritless, the Bank is likely to prevail, and the Appeal and ensuing trial would be complex and expensive, it should be abandoned to the Debtor.[4] For obvious reasons, Comerica would like the Trustee to dismiss the Appeal so that the Debtor may no longer pursue his sole remedy against the Bank –

---

[2] This provision is illusory given the fact there the claims in this case are owned by Comerica, or by Mr. Westwood's sister, who also opposes this compromise. In other words, the consideration for this purported compromise and the benefit to the estate is subordinating Comerica's claim to Comerica's right to recover as an unsecured claimant. Concurrent with this Motion, the Westwoods are also opposing the motion to approve the Comerica Compromise.

[3] Mr. Livaich is counsel to the chapter 11 trustee.

[4] While the Westwoods disagree with this conclusion, the Trustee has staked his position out and should be held to it.

1190346.4

3

appealing the judgment against him.[5] However, the Bankruptcy Code specifically provides that the appropriate treatment of such as asset – i.e., one that is meritless or without value, and one that is burdensome to the estate, should be abandoned to the Debtor. An alternate result would deprive the Debtor of his statutory rights to the Appeal and related litigation (if the judgment is overturned) only provide support for a settlement which is below the range of reasonableness and fails to provide the estate any benefit.

To be clear, the Westwoods do not believe the Appeal is meritless or of little value, and also opposes the Trustee's motion to dismiss the appeal and allow Comerica's claim in full, but the Trustee has staken out his position on the issue of the value of the Appeal and should be held to it.

### III. LEGAL ANALYSIS

11 U.S.C. § 554 specifically provides that "[o]n request of a party in interest and after notice and hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Here, the Debtor seeks an order from the Court ordering the Trustee to abandon the Appeal or in other words formally relinquish "the property at issue from the bankruptcy estate." *Catalano v. Commissioner of Internal Revenue* 279 F.3d 682, 685 (9th Cir. 2002). If the Court orders abandonment, the Debtor's interest in the Appeal will be restored "nunc pro tunc as of the filing of the bankruptcy petition." *Id.* Generally, the party seeking abandonment has the burden to establish that the property is either burdensome or of inconsequential value. See *In re Alexander* 289 B.R. 711, 715 (8th Cir. B.A.P. 2003).

The purpose of § 554 was to permit the trustee to abandon property to the debtor where administration thereof would not benefit the estate. See *Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine & Tool Co.)* 816 F.2d 238, 246 (6th Cir. 1987)("In enacting § 554, Congress

---

[5] The Westwoods could also object to Comerica's claim, but because the Westwoods hold claims against Comerica, and wish to preserve their right to a jury trial, abandonment of the appeal and related litigation is the most efficient and direct method of navigating recent constitutional issues raised by the U.S. Supreme Court's *Stern v Marshall* (2011) 2011 WL 2472792 decision (limiting constitutional authority of bankruptcy court to determine counterclaims against third parties in certain circumstances). The Plan the Westwoods will file in the case will address this difficulty by providing that the appeal and related state court litigation rights will be preserved.

was aware of the claim that formerly some trustees took burdensome or valueless property into the estate and sold it in order to increase their commissions.") "Congress then gave the courts the power to order the trustee to abandon property at the request of a party in interest if the property was burdensome or valueless and of no benefit to the estate. *Id.* (citing 11 U.S.C. § 554(b)(1986 Supp.).

In the Trustee's own admission, the appeal does not have any value to the Estate. In fact, not only does it not have value, but it would also be burdensome if the Estate were to retain and pursue the Appeal. Fortunately, the Bankruptcy Code has provided a mechanism for the Trustee to abandon property which is burdensome and has inconsequential value and benefit to the Estate. See 11 U.S.C. 554(b). The Westwoods believe the administration of this asset would benefit the estate by potentially reducing or eliminating Comerica's claim, and, while the Trustee disagrees, the proper result is abandonment to the Debtor, not abandonment to Comerica.

A.  **The Trustee asserts that the Appeal is of Inconsequential Value and Benefit to the Estate**

Pursuant to the Compromise Motion and subject to the provisions of the proposed compromise with Comerica, the Trustee intends to dismiss the Appeal. In support of his Motion, the Trustee himself indicated that, in his opinion, the Bank is likely to prevail. Tesar Decl. at ¶ 9. Furthermore, Mr. Livaich opines that the Appeal is both meritless and that the Debtor's prospect for success is remote. Livaich Decl. at ¶¶ 6-12. If that is truly the case, then what, if anything is the benefit or value to the estate? An allegedly meritless claim or appeal can not be attributed any monetary value and thus should be abandoned under applicable law.

Presumably, Comerica will argue that preserving the Appeal and subsequently dismissing it provides benefit to the Estate by facilitating the Compromise. Unfortunately for Comerica, however, is that the Compromise benefits one party and one party only – itself. There are no unsecured creditors which benefit from Comerica subordinating its Claim to the extent necessary to assure a likely $100,000 return to the holders of other allowed non-subordinated unsecured claims. As such, it can not meritoriously be argued that the dismissal of the Appeal and the resulting effectuation of the Compromise benefit the Estate.

### B. The Trustee Believes the Appeal is Burdensome to the Estate and Therefore Should be Abandoned

Again, the Trustee has alleged that the Appeal is currently burdensome to the estate. In the Trustee's opinion, "litigation of the Appeal and ensuing trial would be complex and expensive" and "the holders of allowable claims, of which the Bank holds the largest, would benefit from the conservation of administrative resources and elimination of further delay in receiving a distribution." Tesar Decl. at ¶ 9. Under the Trustee's independent review of the Appeal, the attendant cost and complexity of the litigation make it burdensome to the Estate. As such, and to fulfill the purpose for abandonment, the Trustee should be compelled to abandon the Appeal. See *In re Paolella*, 79 B.R. 607, 609 (Bankr.E.D.Pa 1987) ("the principle of abandonment was developed by the courts to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit unsecured creditors of the estate.")

If the pursuit of the Appeal is so complex and expensive it should not be pursued, then dismissal (as is proposed in the Compromise Motion) is not the answer since that only benefits Comerica. There is absolutely no harm to the Estate by abandoning the Appeal to the Debtor, permitting him to further pursue it, allow him and his wife to fund it, and if successful, reap the potential benefits.

### IV. CONCLUSION

Accordingly, the Debtor respectfully requests that the Court compel the Trustee to abandon the Appeal pursuant to 11 U.S.C. § 554.

DATED: December 28, 2011            DOWNEY BRAND LLP

By: _____
JAMIE P. DREHER
Attorney for Curtis and
Deborah Westwood

1190346.4

6